IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Kim Purnell,  #316854, | ) | Civil Action No.: 3:11-2735-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Sgt. L. Morris, South Carolina Department of Corrections, | ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff, a state prisoner proceeding *pro se*, filed this suit pursuant to 42 U.S.C. § 1983. In his [Docket Entry 1] Complaint, Plaintiff alleges that Sergeant Morris sprayed him with mace on July 9, 2010.

This matter was referred to United States Magistrate Judge Bristow Marchant pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, D.S.C.  Magistrate Judge Marchant issued his [Docket Entry 8] Report and Recommendation ("R & R") on the matter on October 31, 2011, to which Plaintiff objected, *see* Objections [Docket Entry 10].  The R & R and those Objections are now before the court.

The Magistrate Judge makes only a recommendation to the court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's

report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In his R & R, the Magistrate Judge specifically found as follows, in pertinent part: "Although use of mace or a chemical munition, depending on circumstances, may be actionable under 42 U.S.C. § 1983, Plaintiff has failed to seek any relief. Were this Court to find that Plaintiff's rights have been violated, but order no remedy, it would, in effect, be rendering an advisory opinion, which is barred by Article III of the Constitution." R & R at 3 (internal citations omitted). Accordingly, the Magistrate Judge "recommended that the District Court dismiss the above-captioned case *without prejudice* and without service of process." *Id.* at 4. Upon review, the undersigned notes that Plaintiff did, in fact, fail to set forth any requested relief in his Complaint. *See* Compl. at 5. However, in Plaintiff's Objections to the R & R, he indicates that he does seek relief. Specifically, Plaintiff asks that the court not dismiss his Complaint, and states that he seeks, among other things, monetary damages for pain and suffering, and litigation costs. *See* Obj. at 4. Out of an abundance of caution, and in light of the liberal construction accorded to *pro se* pleadings, the court concludes that these Objections should be construed as a motion to amend Plaintiff's Complaint to include the stated relief, and should be granted as such. Accordingly, the court shall respectfully decline to adopt the R & R of the Magistrate Judge.

**Conclusion**

The court has thoroughly reviewed the entire record, including the R & R and Objections, and applicable law. For the reasons stated above, the court respectfully declines to adopt the R & R of the Magistrate Judge. Further, having treated Plaintiff's Objections as a motion to amend, and having granted the same, Plaintiff is hereby **ORDERED** to file his amended complaint setting forth his additional allegations and relief sought within fifteen (15) days of the date of this Order. If Plaintiff does not file the amended complaint, this case will be dismissed without prejudice. If Plaintiff does file an amended complaint by the deadline, the case shall be **RECOMMITTED** to the Magistrate Judge for further pretrial handling.

**IT IS SO ORDERED.**

                                                s/R. Bryan Harwell
                                                R. Bryan Harwell
                                                United States District Judge

Florence, South Carolina
November 30, 2011