IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Kim Purnell, | ) | Civil Action No.: 3:11-cv-02735-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Sgt. L. Morris, South Carolina | ) | |
| Department of Corrections, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff, a state prisoner proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983. In his [Docket Entry 1] Complaint, Plaintiff alleges that Sergeant Morris sprayed him with mace on July 9, 2010.

This matter was referred to United States Magistrate Judge Joseph R. McCrorey pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, D.S.C. On October 31, 2011, Magistrate Judge McCrorey issued his [Docket Entry 8] Report and Recommendation ("R & R") on the matter, in which he recommended that "the District Court dismiss the above-captioned case *without prejudice* and without service of process." R & R at 4. In so recommending, the Magistrate Judge concluded that "Plaintiff ha[d] failed to seek any relief," and "[w]ere this Court to find that Plaintiff's rights ha[d] been violated, but order no remedy, it would, in effect, be rendering an advisory opinion, which is barred by Article III of the Constitution." *Id.* at 3.

This case originally came before the undersigned upon review of the R & R and Plaintiff's [Docket Entry 10] Objections thereto. While Plaintiff did, in fact, fail to set forth any requested relief in his Complaint, (*see* Compl. at 5), the undersigned, in an order dated November 30, 2011,

liberally construed Plaintiff's Objections[1] as a motion to amend the Complaint to include the required relief, and granted the same. *See* Nov. 30 Order [Docket Entry 11] at 2. After treating Plaintiff's Objections as a motion to amend and granting the same, the undersigned then ordered Plaintiff "to file his amended complaint setting forth his additional allegations and relief sought within fifteen (15) days" of the November 30 Order. *Id.* at 3. In addition, the undersigned specifically warned Plaintiff that his failure to file the amended complaint would result in his case being dismissed without prejudice. *See id.*

To date, despite the court giving him an opportunity in which to do so, Plaintiff has not filed any such amended complaint. Plaintiff has filed two motions for extensions of time, [Docket Entries 13 & 14], since the November 30 Order. Essentially, Plaintiff asks the court to "stop all procedures in this case," so that "[he] can get [his] family to assist [him] in finding a professional to help [him] with this matter." Motion for Time [Docket Entry 13] at 2; *see also* Motion for Time [Docket Entry 14] at 1. However, in light of this court's specific warning and Plaintiff's subsequent failure to file an amended complaint to include his requested relief, the court will deny those motions for time and dismiss this case without prejudice. The court notes that the dismissal is <u>without prejudice</u> to Plaintiff's right to re-file this action at a later date, if he so desires.

---

[1] The undersigned noted that, in his Objections, "Plaintiff ask[ed] that the court not dismiss his Complaint, and state[d] that he seeks, among other things, monetary damages for pain and suffering, and litigation costs." Nov. 30 Order [Docket Entry 11] at 2 (citing Obj. at 4).

**Conclusion**

Based on the foregoing, it is therefore **ORDERED** that Plaintiff's [Docket Entries 13 & 14] Motions for Time are **DENIED**, and Plaintiff's Complaint is hereby **DISMISSED** *without prejudice*.

**IT IS SO ORDERED.**

    s/R. Bryan Harwell
R. Bryan Harwell
United States District Court

Florence, South Carolina
December 28, 2011